SECOND CAUSE OF ACTION
(Federal False Claims Act
31 U.S.C. § 3729(a)(2))

140. Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein again at length.

141. This is a claim for penalties and treble damages under the Federal False Claims Act.

142. By virtue of the acts described above, the Defendants, for the purpose of defrauding the Government, knowingly made, used and/or caused to be made or used, false or fraudulent records or statements to get false and fraudulent claims paid or approved under Medicare, Medicaid and other Government health programs, within the meaning of 31 U.S.C. § 3729(a)(2).

143. As a result, federal monies were lost through payments made in respect of the claims and other costs were sustained by the Government.

144. Therefore, the Federal Government has been damaged in an amount to be proven at trial.

145. Additionally, the Federal Government is entitled to the maximum penalty of $11,000 for each and every false and fraudulent claim paid or approved arising from the Defendants' fraudulent conduct as described herein.

THIRD CAUSE OF ACTION
(Federal False Claims Act
31 U.S.C. § 3730 (h))

146. Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein again at length.

147. This is a claim for damages and other relief under the Federal False Claims Act.

148. By virtue of the acts described above, in particular paragraphs 59-63, 66-75, 78, and 87-90, Defendant GSK discharged the plaintiff/relator and discriminated against her in the terms and conditions of her employment because of lawful acts done by her in furtherance of this action, in violation of 31 U.S.C. § 3730 (h).

149. As a result, the plaintiff/relator been damaged in an amount to be proven at trial.

150. Additionally, the plaintiff/relator is entitled to reinstatement with the same seniority status that she would have had but for the discrimination.

FOURTH CAUSE OF ACTION
(California False Claims Act
Cal. Gov't Code § 12651(a)(1))

151. Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

152. This is a claim for penalties and treble damages under the California False Claims Act.

153. By virtue of the acts described above, Defendants, for the purpose of defrauding the California State Government, knowingly presented and/or caused to be presented false claims for payment or approval under Medicaid and other California State funded programs to officers or employees of the state within the meaning of Cal. Gov't Code § 12651(a)(1).

154. As a result, California State monies were lost through payments made in respect of the claims and other costs were sustained by the California State Government.

155. Therefore, the California State Government has been damaged in an amount to be proven at trial.

156. Additionally, the California State Government is entitled to the maximum penalty of $10,000 for each and every false claim presented and caused to be presented by Defendants and arising from their fraudulent conduct as described herein.

FIFTH CAUSE OF ACTION
(California False Claims Act
Cal. Gov't Code § 12651(a)(2))

157. Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

158. This is a claim for penalties and treble damages under the California False Claims Act.

159. By virtue of the acts described above, Defendants, for the purpose of defrauding the California State Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false claims paid or approved under Medicaid and other California State funded programs within the meaning of Cal. Gov't Code § 12651(a)(2).

160. As a result, California State monies were lost through payments made in respect of the claims and other costs were sustained by the California State Government.

161. Therefore, the California State Government has been damaged in an amount to be proven at trial.

162. Additionally, the California State Government is entitled to the maximum penalty of $10,000 for each and every false claim paid or approved arising from the Defendants' fraudulent conduct as described herein.

SIXTH CAUSE OF ACTION
(Delaware False Claims and Reporting Act
6 Del. C. § 1201(a)(1))

163. Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

164. This is a claim for penalties and treble damages under the Delaware False Claims and Reporting Act.

165. By virtue of the acts described above, Defendants, for the purpose of defrauding the Delaware State Government,

-85-

knowingly presented and/or caused to be presented, directly or
indirectly, false or fraudulent claims for payment or approval
under Medicaid and other Delaware State funded programs to
officers or employees of the state within the meaning of 6
Del. C. § 1201(a)(1).

166. As a result, Delaware State monies were lost through
payments made in respect of the claims and other costs were
sustained by the Delaware State Government.

167. Therefore, the Delaware State Government has been damaged
in an amount to be proven at trial.

168. Additionally, the Delaware State Government is entitled
to the maximum penalty of $11,000 for each and every false and
fraudulent claim presented and caused to be presented by
Defendants and arising from their fraudulent conduct as
described herein.

SEVENTH CAUSE OF ACTION
(Delaware False Claims and Reporting Act
6 Del. C. § 1201(a)(2))

169. Plaintiff/relator repeats and realleges each and every
allegation contained in paragraphs 1 through 133 above as

though fully set forth herein.

170. This is a claim for penalties and treble damages under the Delaware False Claims and Reporting Act.

171. By virtue of the acts described above, Defendants, for the purpose of defrauding the Delaware State Government, knowingly made, used, and/or caused to be made or used, directly or indirectly, false records or statements to get false or fraudulent claims paid or approved under Medicaid and other Delaware State funded programs within the meaning of 6 Del. C. § 1201(a)(2).

172. As a result, Delaware State monies were lost through payments made in respect of the claims and other costs were sustained by the Delaware State Government.

173. Therefore, the Delaware State Government has been damaged in an amount to be proven at trial.

174. Additionally, the Delaware State Government is entitled to the maximum penalty of $11,000 for each and every false or fraudulent claim paid or approved arising from the Defendants'

fraudulent conduct as described herein.

### EIGHTH CAUSE OF ACTION
(District of Columbia Procurement Reform Amendment Act
D.C. Code § 2-308.14(a)(1))

175. Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

176. This is a claim for penalties and treble damages under the District of Columbia Procurement Reform Amendment Act.

177. By virtue of the acts described above, Defendants, for the purpose of defrauding the District of Columbia Government, knowingly presented and/or caused to be presented, false claims for payment or approval under Medicaid and other District of Columbia funded programs to officers or employees of the District within the meaning of D.C. Code § 2-308.14(a)(1).

178. As a result, District of Columbia monies were lost through payments made in respect of the claims and other costs were sustained by the District of Columbia Government.

179. Therefore, the District of Columbia Government has been damaged in an amount to be proven at trial.

180. Additionally, the District of Columbia Government is entitled to the maximum penalty of $10,000 for each and every false claim presented and caused to be presented by Defendants and arising from their fraudulent conduct as described herein.

## NINTH CAUSE OF ACTION
(District of Columbia Procurement Reform Amendment Act
D.C. Code § 2-308.14(a)(2))

181. Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

182. This is a claim for penalties and treble damages under the District of Columbia Procurement Reform Amendment Act.

183. By virtue of the acts described above, Defendants, for the purpose of defrauding the District of Columbia Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false claims paid or approved under Medicaid and other District of Columbia funded programs

-89-

within the meaning of D.C. Code § 2-308.14(a)(2).

184. As a result, District of Columbia monies were lost through payments made in respect of the claims and other costs were sustained by the District of Columbia Government.

185. Therefore, the District of Columbia Government has been damaged in an amount to be proven at trial.

186. Additionally, the District of Columbia Government is entitled to the maximum penalty of $10,000 for each and every false claim paid or approved arising from the Defendants' fraudulent conduct as described herein.

TENTH CAUSE OF ACTION
(Florida False Claims Act
Fla. Stat. § 68.082(2)(a))

187. Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

188. This is a claim for penalties and treble damages under the Florida False Claims Act.

-90-

189. By virtue of the acts described above, Defendants, for the purpose of defrauding the Florida State Government, knowingly presented and/or caused to be presented false claims for payment or approval under Medicaid and other Florida State funded programs to officers or employees of the state within the meaning of Fla. Stat. § 68.082(2)(a).

190. As a result, Florida State monies were lost through payments made in respect of the claims and other costs were sustained by the Florida State Government.

191. Therefore, the Florida State Government has been damaged in an amount to be proven at trial.

192. Additionally, the Florida State Government is entitled to the maximum penalty of $10,000 for each and every false claim presented and caused to be presented by Defendants and arising from their fraudulent conduct as described herein.

ELEVENTH CAUSE OF ACTION
(Florida False Claims Act
Fla. Stat. § 68.082(2)(b))

193. Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as

though fully set forth herein.

194. This is a claim for penalties and treble damages under
the Florida False Claims Act.

195. By virtue of the acts described above, Defendants, for
the purpose of defrauding the Florida State Government,
knowingly made, used, and/or caused to be made or used, false
records or statements to get false or fraudulent claims paid
or approved under Medicaid and other Florida State funded
programs within the meaning of Fla. Stat. § 68.082(2)(b).

196. As a result, Florida State monies were lost through
payments made in respect of the claims and other costs were
sustained by the Florida State Government.

197. Therefore, the Florida State Government has been damaged
in an amount to be proven at trial.

198. Additionally, the Florida State Government is entitled to
the maximum penalty of $10,000 for each and every false or
fraudulent claim paid or approved arising from the Defendants'
fraudulent conduct as described herein.

TWELFTH CAUSE OF ACTION
(Hawaii False Claims Act
Haw. Rev. Stat. § 661-21(a)(1))

199. Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

200. This is a claim for penalties and treble damages under the Hawaii False Claims Act.

201. By virtue of the acts described above, Defendants, for the purpose of defrauding the Hawaii State Government, knowingly presented and/or caused to be presented false or fraudulent claims for payment or approval under Medicaid and other Hawaii State funded programs to officers or employees of the state within the meaning of Haw. Rev. Stat. § 661-21)(a)(1).

202. As a result, Hawaii State monies were lost through payments made in respect of the claims and other costs were sustained by the Hawaii State Government.

203. Therefore, the Hawaii State Government has been damaged in an amount to be proven at trial.

-93-

204. Additionally, the Hawaii State Government is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim presented and caused to be presented by Defendants and arising from their fraudulent conduct as described herein.

THIRTEENTH CAUSE OF ACTION
(Hawaii False Claims Act
Haw. Rev. Stat. § 661-21(a)(2))

205. Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

206. This is a claim for penalties and treble damages under the Hawaii False Claims Act.

207. By virtue of the acts described above, Defendants, for the purpose of defrauding the Hawaii State Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved under Medicaid and other Hawaii State funded programs within the meaning of Haw. Rev. Stat. § 661-21)(a)(2).

-94-

208. As a result, Hawaii State monies were lost through payments made in respect of the claims and other costs were sustained by the Hawaii State Government.

209. Therefore, the Hawaii State Government has been damaged in an amount to be proven at trial.

210. Additionally, the Hawaii State Government is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim paid or approved arising from the Defendants' fraudulent conduct as described herein.

FOURTEENTH CAUSE OF ACTION
(Illinois Whistleblower Reward and Protection Act
740 Ill. Comp. Stat. 175/3(a)(1))

211. Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

212. This is a claim for penalties and treble damages under the Illinois Whistleblower Reward and Protection Act.
213. By virtue of the acts described above, Defendants, for the purpose of defrauding the Illinois State Government, knowingly presented and/or caused to be presented false or

-95-

fraudulent claims for payment or approval under Medicaid and
other Illinois State funded programs to officers or employees
of the state within the meaning of 740 Ill. Comp. Stat.
175/3(a)(1).

214. As a result, Illinois State monies were lost through
payments made in respect of the claims and other costs were
sustained by the Illinois State Government.

215. Therefore, the Illinois State Government has been damaged
in an amount to be proven at trial.

216. Additionally, the Illinois State Government is entitled
to the maximum penalty of $10,000 for each and every false or
fraudulent claim presented and caused to be presented by
Defendants and arising from their fraudulent conduct as
described herein.

FIFTEENTH CAUSE OF ACTION
(Illinois Whistleblower Reward and Protection Act
740 Ill. Comp. Stat. 175/3(a)(2))

217. Plaintiff/relator repeats and realleges each and every
allegation contained in paragraphs 1 through 133 above as
though fully set forth herein.

-96-

218. This is a claim for penalties and treble damages under the Illinois Whistleblower Reward and Protection Act.

219. By virtue of the acts described above, Defendants, for the purpose of defrauding the Illinois State Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved under Medicaid and other Illinois State funded programs within the meaning of 740 Ill. Comp. Stat. 175/3(a)(2).

220. As a result, Illinois State monies were lost through payments made in respect of the claims and other costs were sustained by the Illinois State Government.

221. Therefore, the Illinois State Government has been damaged in an amount to be proven at trial.

222. Additionally, the Illinois State Government is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim paid or approved arising from the Defendants' fraudulent conduct as described herein.

SIXTEENTH CAUSE OF ACTION
(Indiana False Claims and Whistleblower Protection Act
Ind. Code § 5-11-5.5-2(b)(1) and (8))

223.  Plaintiff/relator repeats and realleges each and every

allegation contained in paragraphs 1 through 133 above as

though fully set forth herein.

224.  This is a claim for penalties and treble damages under

the Indiana False Claims and Whistleblower Protection

Act.

225.  By virtue of the acts described above, Defendants, for

the purpose of defrauding the Indiana State Government,

knowingly or intentionally presented and/or caused or

induced another to present false claims under Medicaid

and other Indiana State funded programs to the state for

payment or approval within the meaning of Ind. Code § 5-

11-5.5-2(b)(1) and (8).

226.  As a result, Indiana State monies were lost through

payments made in respect of the claims and other costs

were sustained by the Indiana State Government.

227.  Therefore, the Indiana State Government has been damaged

-98-

in an amount to be proven at trial.

228. Additionally, the Indiana State Government is entitled
     to a civil penalty of at least $5,000 for each and every
     false or fraudulent claim paid or approved arising from
     the Defendants' fraudulent conduct as describe herein.

SEVENTEENTH CAUSE OF ACTION
(Indiana False Claims and Whistleblower Protection Act
Ind. Code § 5-11-5.5-2(b)(2) and (8))

229. Plaintiff/relator repeats and realleges each and every
     allegation contained in paragraphs 1 through 133 above as
     though fully set forth herein.

230. This is a claim for penalties and treble damages under
     the Indiana False Claims and Whistleblower Protection
     Act.

231. By virtue of the acts described above, Defendants, for
     the purpose of defrauding the Indiana State Government,
     knowingly or intentionally made, used, and/or caused or
     induced another to make or use, false records or
     statements to obtain payment or approval of a false claim
     under Medicaid and other Indiana  State funded programs

-99-

within the meaning of Ind. Code § 5-11-5.5-2(b)(2) and (8).

232. As a result, Indiana State monies were lost through payments made in respect of the claims and other costs were sustained by the Indiana State Government.

233. Therefore, the Indiana State Government has been damaged in an amount to be proven at trial.

234. Additionally, the Indiana State Government is entitled to a civil penalty of at least $5,000 for each and every false or fraudulent claim paid or approved arising from the Defendants' fraudulent conduct as describe herein.

EIGHTEENTH CAUSE OF ACTION
(Louisiana Medical Assistance Programs Integrity Law
La. Rev. Stat. 46:438.3(A))

235. Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

236. This is a claim for a fine and damages under the Louisiana Medical Assistance Programs Integrity Law.

237. By virtue of the acts described above, Defendants, for the purpose of defrauding the Louisiana State Government, knowingly presented and/or caused to be presented false or fraudulent claims for payment or approval under Medicaid and other Louisiana State funded programs within the meaning of La. Rev. Stat. 46:438.3(A).

238. As a result, Louisiana State monies were lost through payments made in respect of the claims and other costs were sustained by the Louisiana State Government.

239. Therefore, the Louisiana State Government has been damaged in an amount to be proven at trial.

240. Additionally, the Louisiana State Government is entitled to the maximum civil fine in the amount of three times the amount of actual damages sustained by the medical assistance programs as a result of the violations described herein. La. Rev. Stat. 46:438.6(B)(2).

NINETEENTH CAUSE OF ACTION
(Louisiana Medical Assistance Programs Integrity Law
La. Rev. Stat. 46:438.3(B))

241.  Plaintiff/relator repeats and realleges each and every

      allegation contained in paragraphs 1 through 133 above as

      though fully set forth herein.

242.  This is a claim for a fine and damages under the

      Louisiana Medical Assistance Programs Integrity Law.

243.  By virtue of the acts described above, Defendants, for

      the purpose of defrauding the Louisiana State Government,

      knowingly engaged in misrepresentations to obtain, or

      attempt to obtain, payment from medical assistance

      program funds within the meaning of La. Rev. Stat.

      46:483.3(B).

244.  As a result, Louisiana State monies were lost through

      payments made in respect of the defendants' conduct and

      other costs were sustained by the Louisiana State

      Government.

245.  Therefore, the Louisiana State Government has been

      damaged in an amount to be proven at trial.

-102-

246. Additionally, the Louisiana State Government is entitled
     to the maximum civil fine in the amount of three times
     the amount of actual damages sustained by the medical
     assistance programs as a result of the violations
     described herein. La. Rev. Stat. 46:438.6(B)(2).

                    TWENTIETH CAUSE OF ACTION
                  (Massachusetts False Claims Act
                  Mass. Gen. L. Ch. 12, §§ 5B(1))

247. Plaintiff/relator repeats and realleges each and every
     allegation contained in paragraphs 1 through 133 above as
     though fully set forth herein.

248. This is a claim for penalties and treble damages under
     the Massachusetts False Claims Act.

249. By virtue of the acts described above, Defendants, for
     the purpose of defrauding the Massachusetts Commonwealth
     Government, knowingly presented and/or caused to be
     presented false or fraudulent claims for payment or
     approval under Medicaid and other Massachusetts
     Commonwealth funded programs within the meaning of Mass.
     Gen. L. Ch. 12, §§ 5B(1).

                            -103-

250. As a result, Massachusetts Commonwealth monies were lost
     through payments made in respect of the claims and other
     costs were sustained by the Massachusetts Commonwealth
     Government.

251. Therefore, the Massachusetts Commonwealth Government has
     been damaged in an amount to be proven at trial.

252. Additionally, the Massachusetts Commonwealth Government
     is entitled to the maximum penalty of $10,000 for each
     and every false or fraudulent claim presented and caused
     to be presented by Defendants and arising from their
     fraudulent conduct as described herein.

                    TWENTY-FIRST CAUSE OF ACTION
                    (Massachusetts False Claims Act
                    Mass. Gen. L. Ch. 12, §§ 5B(2))

253. Plaintiff/relator repeats and realleges each and every
     allegation contained in paragraphs 1 through 133 above as
     though fully set forth herein.

254. This is a claim for penalties and treble damages under
     the Massachusetts False Claims Act.

                              -104-

255. By virtue of the acts described above, Defendants, for
     the purpose of defrauding the Massachusetts Commonwealth
     Government, knowingly made, used, and/or caused to be
     made or used, false records or statements to obtain
     payment or approval of claims by the Commonwealth within
     the meaning of Mass. Gen. L. Ch. 12, §§ 5B(2).

256. As a result, Massachusetts Commonwealth monies were lost
     through payments made in respect of the claims and other
     costs were sustained by the Massachusetts Commonwealth
     Government.

257. Therefore, the Massachusetts Commonwealth Government has
     been damaged in an amount to be proven at trial.

258. Additionally, the Massachusetts Commonwealth Government
     is entitled to the maximum penalty of $10,000 for each
     and every false or fraudulent claim paid or approved
     arising from the Defendants' fraudulent conduct as
     described herein.

TWENTY-SECOND CAUSE OF ACTION
(Michigan Medicaid False Claims Act
Mich. Comp. Laws § 400.610a)

259.  Plaintiff/relator repeats and realleges each and every

allegation contained in paragraphs 1 through 133 above as

though fully set forth herein.

260.  This is a claim for damages and a civil penalty under

the Michigan Medicaid False Claims Act.

261.  By virtue of the acts described above, Defendants, for

the purpose of defrauding the Michigan State Government,

made or presented, or caused to be made or presented, to

an employee or officer of the State of Michigan a claim

under the social welfare act, Act No. 280 of the Public

Acts of 1939, as amended, being sections 400.1 to 400.121

of the Michigan Compiled Laws, upon or against the State,

knowing the claim to be false within the meaning of Mich.

Comp. Law §§ 400.601 et seq.

262.  As a result, Michigan State monies were lost through

payments made in respect of the claims and other costs

were sustained by the Michigan State Government.

263.  Therefore, the Michigan State Government has been
      damaged in an amount to be proven at trial.

264.  Additionally, the Michigan State Government is entitled
      to a civil penalty equal to the full amount of the
      benefit received by the Defendants plus triple the amount
      of damages suffered by the state as a result of the
      conduct by Defendants as described herein.

                   TWENTY-THIRD CAUSE OF ACTION
                      (Nevada False Claims Act
                   Nev. Rev. Stat. § 357.040(1)(a))

265.  Plaintiff/relator repeats and realleges each and every
      allegation contained in paragraphs 1 through 133 above as
      though fully set forth herein.

266.  This is a claim for penalties and treble damages under
      the Nevada False Claims Act, entitled "Submission of
      False Claims to State or Local Government".

267.  By virtue of the acts described above, Defendants, for
      the purpose of defrauding the Nevada State Government,
      knowingly presented and/or caused to be presented false
      claims for payment or approval under Medicaid and other

                             -107-

Nevada State funded programs within the meaning of Nev.
Rev. Stat. § 357.040(1)(a).

268. As a result, Nevada State monies were lost through
payments made in respect of the claims and other costs
were sustained by the Nevada State Government.

269. Therefore, the Nevada State Government has been damaged
in an amount to be proven at trial.

270. Additionally, the Nevada State Government is entitled to
the maximum penalty of $10,000 for each and every false
claim presented and caused to be presented by Defendants
and arising from their fraudulent conduct as described
herein.

TWENTY-FOURTH CAUSE OF ACTION
(Nevada False Claims Act
Nev. Rev. Stat. § 357.040(1)(b))

271. Plaintiff/relator repeats and realleges each and every
allegation contained in paragraphs 1 through 133 above as
though fully set forth herein.

272. This is a claim for penalties and treble damages under

-108-

the Nevada False Claims Act, entitled "Submission of
False Claims to State or Local Government".

273. By virtue of the acts described above, Defendants, for
the purpose of defrauding the Nevada State Government,
knowingly made, used, and/or caused to be made or used,
false records or statements to get false claims paid or
approved under Medicaid and other Nevada State funded
programs within the meaning of Nev. Rev. Stat. §
357.040(1)(b).

274. As a result, Nevada State monies were lost through
payments made in respect of the claims and other costs
were sustained by the Nevada State Government.

275. Therefore, the Nevada State Government has been damaged
in an amount to be proven at trial.

276. Additionally, the Nevada State Government is entitled to
the maximum penalty of $10,000 for each and every false
claim paid or approved arising from the Defendants'
fraudulent conduct as described herein.

-109-

TWENTY-FIFTH CAUSE OF ACTION
(New Hampshire False Claims Act
N.H. Rev. Stat. Ann. § 167:61-b(I)(a))

277. Plaintiff/relator repeats and realleges each and every
     allegation contained in paragraphs 1 through 133 above as
     though fully set forth herein.

278. This is a claim for penalties and treble damages under
     the New Hampshire False Claims Act.

279. By virtue of the acts described above, Defendants, for
     the purpose of defrauding the New Hampshire State
     Government, knowingly presented and/or caused to be
     presented false claims for payment or approval under
     Medicaid and other New Hampshire State funded programs to
     officers or employees of the state within the meaning of
     N.H. Rev. Stat. Ann. § 167:61-b(I)(a).

280. As a result, New Hampshire state monies were lost
     through payments made in respect of the claims and other
     costs were sustained by the New Hampshire State
     Government.

281. Therefore, the New Hampshire State Government has been

-110-

damaged in an amount to be proven at trial.

282. Additionally, the New Hampshire State Government is entitled to the maximum penalty of $10,000 for each and every false claim presented and caused to be presented by Defendants and arising from their fraudulent conduct as described herein.

TWENTY-SIXTH CAUSE OF ACTION
(New Hampshire False Claims Act
N.H. Rev. Stat. Ann. § 167:61-b(I)(b))

283. Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

284. This is a claim for penalties and treble damages under the New Hampshire False Claims Act.

285. By virtue of the acts described above, Defendants, for the purpose of defrauding the New Hampshire State Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false claims paid or approved under Medicaid and other New Hampshire State funded programs within the meaning of

-111-

N.H. Rev. Stat. Ann. § 167:61-b(I)(b).

286. As a result, New Hampshire State monies were lost through payments made in respect of the claims and other costs were sustained by the New Hampshire State Government.

287. Therefore, the New Hampshire State Government has been damaged in an amount to be proven at trial.

288. Additionally, the New Hampshire State Government is entitled to the maximum penalty of $10,000 for each and every false claim paid or approved arising from the Defendants' fraudulent conduct as described herein.

## TWENTY-SEVENTH CAUSE OF ACTION
(New Mexico Medicaid False Claims Act
N.M. Stat. Ann. § 27-14-4(A))

289. Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

290. This is a claim for penalties and treble damages under the New Mexico Medicaid False Claims Act.

291.  By virtue of the acts described above, Defendants, for
      the purpose of defrauding the New Mexico State
      Government, knowingly presented and/or caused to be
      presented false claims for payment under Medicaid and
      other New Mexico State funded programs to the State
      within the meaning of N.M. Stat. Ann. § 27-14-4(A).

292.  As a result, New Mexico State monies were lost through
      payments made in respect of the claims and other costs
      were sustained by the New Mexico State Government.

293.  Therefore, the New Mexico State Government has been
      damaged in an amount to be proven at trial.

294.  Additionally, the New Mexico State Government is
      entitled to the maximum penalty for each and every false
      claim presented and caused to be presented by Defendants
      and arising from their fraudulent conduct as described
      herein.

                    TWENTY-EIGHTH CAUSE OF ACTION
                  (New Mexico Medicaid False Claims Act
                    N.M. Stat. Ann. § 27-14-4(C))

295.  Plaintiff/relator repeats and realleges each and every

                              -113-

allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

296. This is a claim for penalties and treble damages under the New Mexico Medicaid False Claims Act.

297. By virtue of the acts described above, Defendants, for the purpose of defrauding the New Mexico State Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false claims paid or approved under Medicaid and other New Mexico State funded programs within the meaning of N.M. Stat. Ann. § 27-14-4(C).

298. As a result, New Mexico State monies were lost through payments made in respect of the claims and other costs were sustained by the New Mexico State Government.

299. Therefore, the New Mexico State Government has been damaged in an amount to be proven at trial.

300. Additionally, the New Mexico State Government is entitled to the maximum penalty for each and every false claim paid or approved arising from the Defendants'

-114-

fraudulent conduct as described herein.

TWENTY-NINTH CAUSE OF ACTION
(Tennessee False Claims Act
Tenn. Code Ann. § 4-18-103(a)(1))

301. Plaintiff/relator repeats and realleges each and every
     allegation contained in paragraphs 1 through 133 above as
     though fully set forth herein.

302. This is a claim for penalties and treble damages under
     the Tennessee False Claims Act.

303. By virtue of the acts described above, Defendants, for
     the purpose of defrauding the Tennessee State Government,
     knowingly presented and/or caused to be presented false
     claims for payment or approval under Medicaid and other
     Tennessee State funded programs to officers or employees
     of the state within the meaning of Tenn. Code Ann. § 4-
     18-103(a)(1).

304. As a result, Tennessee State monies were lost through
     payments made in respect of the claims and other costs
     were sustained by the Tennessee State Government.

305. Therefore, the Tennessee State Government has been

-115-

damaged in an amount to be proven at trial.

306. Additionally, the Tennessee State Government is entitled
     to the maximum penalty of $10,000 for each and every
     false claim presented and caused to be presented by
     Defendants and arising from their fraudulent conduct as
     described herein.

THIRTIETH CAUSE OF ACTION
(Tennessee False Claims Act
Tenn. Code Ann. § 4-18-103(a)(2))

307. Plaintiff/relator repeats and realleges each and every
     allegation contained in paragraphs 1 through 133 above as
     though fully set forth herein.

308. This is a claim for penalties and treble damages under
     the Tennessee False Claims Act.

309. By virtue of the acts described above, Defendants, for
     the purpose of defrauding the Tennessee State Government,
     knowingly made, used, and/or caused to be made or used,
     false records or statements to get false claims paid or
     approved under Medicaid and other Tennessee State funded
     programs within the meaning of Tenn. Code Ann. § 4-18-

-116-

103(a)(2).

310.  As a result, Tennessee State monies were lost through
      payments made in respect of the claims and other costs
      were sustained by the Tennessee State Government.

311.  Therefore, the Tennessee State Government has been
      damaged in an amount to be proven at trial.

312.  Additionally, the Tennessee State Government is entitled
      to the maximum penalty of $10,000 for each and every
      false claim paid or approved arising from the Defendants'
      fraudulent conduct as described herein.

                    THIRTY-FIRST CAUSE OF ACTION
                 (Tennessee Medicaid False Claims Act
                 Tenn. Code Ann. § 71-5-182(a)(1)(A))

313.  Plaintiff/relator repeats and realleges each and every
      allegation contained in paragraphs 1 through 133 above as
      though fully set forth herein.

314.  This is a claim for penalties and treble damages under
      the Tennessee Medicaid False Claims Act.

315.  By virtue of the acts described above, Defendants, for
      the purpose of defrauding the Tennessee State Government,
      knowingly presented and/or caused to be presented to the
      state claims for payment under the Medicaid program
      knowing such claims were false or fraudulent within the
      meaning of Tenn. Code Ann. § 71-5-182(a)(1)(A).

316.  As a result, Tennessee State monies were lost through
      payments made in respect of the claims and other costs
      were sustained by the Tennessee State Government.

317.  Therefore, the Tennessee State Government has been
      damaged in an amount to be proven at trial.

318.  Additionally, the Tennessee State Government is entitled
      to the maximum penalty of $10,000 for each and every
      false or fraudulent claim presented and caused to be
      presented by Defendants and arising from their fraudulent
      conduct as described herein.

                   THIRTY-SECOND CAUSE OF ACTION
                  (Tennessee Medicaid False Claims Act
                  Tenn. Code Ann. § 71-5-182(a)(1)(B))

319.  Plaintiff/relator repeats and realleges each and every

                              -118-

allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

320. This is a claim for penalties and treble damages under the Tennessee Medicaid False Claims Act.

321. By virtue of the acts described above, Defendants, for the purpose of defrauding the Tennessee State Government, knowingly made, used, and/or caused to be made or used, records or statements to get false or fraudulent claims under the Medicaid program paid for or approved by the state knowing such record or statement were false within the meaning of Tenn. Code Ann. § 71-5-182(a)(1)(B).

322. As a result, Tennessee State monies were lost through payments made in respect of the claims and other costs were sustained by the Tennessee State Government.

323. Therefore, the Tennessee State Government has been damaged in an amount to be proven at trial.

324. Additionally, the Tennessee State Government is entitled to the maximum penalty of $10,000 for each and every

-119-

false or fraudulent claim paid or approved arising from
the Defendants' fraudulent conduct as described herein.

THIRTY-THIRD CAUSE OF ACTION
(Texas Medicaid Fraud Prevention Law
Tex. Hum. Res. Code § 36.002(1)(A))

325.  Plaintiff/relator repeats and realleges each and every
allegation contained in paragraphs 1 through 133 above as
though fully set forth herein.

326.  This is a claim for restitution, interest, penalties and
double damages under the Medicaid Fraud Prevention Law.

327.  By virtue of the acts described above, the Defendants,
for the purpose of defrauding the Texas State Government,
knowingly or intentionally made, and/or caused to be
made, false statements or representations of material
facts on applications for contracts, benefits, or
payments under the Medicaid program, within the meaning
of Tex. Hum. Res. Code § 36.002(1)(A).

328.  As a result, Texas State monies were lost through
payments made in respect of the false statements or
representations and other costs were sustained by the

-120-

Texas State Government.

329. Therefore, the Texas State Government has been damaged
     in an amount to be proven at trial.

330. Additionally, the Texas State Government is entitled to
     the maximum penalty of $10,000 for each and every
     unlawful act committed by the Defendants under this
     provision. Tex. Hum. Res. Code § 36.052(3)(B).

                    THIRTY-FOURTH CAUSE OF ACTION
                  (Texas Medicaid Fraud Prevention Law
                  Tex. Hum. Res. Code § 36.002(4)(B))

331. Plaintiff/relator repeats and realleges each and every
     allegation contained in paragraphs 1 through 133 above as
     though fully set forth herein.

332. This is a claim for restitution, interest, penalties and
     double damages under the Medicaid Fraud Prevention Law.

333. By virtue of the acts described above, the Defendants,
     for the purpose of defrauding the Texas State Government,
     knowingly or intentionally made, caused to be made,
     induced, and/or sought to induce, the making of false

                              -121-

statements or misrepresentations of material fact

concerning information required to be provided by a

federal or state law, rule, regulation, or provider

agreement pertaining to the Medicaid program, within the

meaning of Tex. Hum. Res. Code § 36.002(4)(B).

334. As a result, Texas State monies were lost through

payments made in respect of the false statements or

representations and other costs were sustained by the

Texas State Government.

335. Therefore, the Texas State Government has been damaged

in an amount to be proven at trial.

336. Additionally, the Texas State Government is entitled to

the maximum penalty of $10,000 for each and every

unlawful act committed by the Defendants under this

provision. Tex. Hum. Res. Code § 36.052(3)(B).

THIRTY-FIFTH CAUSE OF ACTION
(Virginia Fraud Against Taxpayers Act
Va. Code Ann. § 8.01-216.3(A)(1))

337. Plaintiff/relator repeats and realleges each and every

allegation contained in paragraphs 1 through 133 above as

-122-

though fully set forth herein.

338. This is a claim for penalties and treble damages under the Virginia Fraud Against Taxpayers Act.

339. By virtue of the acts described above, Defendants, for the purpose of defrauding the Virginia Commonwealth Government, knowingly presented and/or caused to be presented false or fraudulent claims for payment or approval under Medicaid and other Virginia Commonwealth funded programs to officers or employees of the Commonwealth within the meaning of Va. Code Ann. § 8.01-216.3(A)(1).

340. As a result, Virginia Commonwealth monies were lost through payments made in respect of the claims and other costs were sustained by the Virginia Commonwealth Government.

341. Therefore, the Virginia Commonwealth Government has been damaged in an amount to be proven at trial.

342. Additionally, the Virginia Commonwealth Government is entitled to the maximum penalty of $10,000 for each and

-123-

every false or fraudulent claim presented and caused to
be presented by Defendants and arising from their
fraudulent conduct as described herein.

THIRTY-SIXTH CAUSE OF ACTION
(Virginia Fraud Against Taxpayers Act
Va. Code Ann. § 8.01-216.3(A)(2))

343. Plaintiff/relator repeats and realleges each and every
allegation contained in paragraphs 1 through 133 above as
though fully set forth herein.

344. This is a claim for penalties and treble damages under
the Virginia Fraud Against Taxpayers Act.

345. By virtue of the acts described above, Defendants, for
the purpose of defrauding the Virginia Commonwealth
Government, knowingly made, used, and/or caused to be
made or used, false records or statements to get false or
fraudulent claims paid or approved by the Commonwealth
under Medicaid and other Virginia Commonwealth funded
programs within the meaning of Va. Code Ann. § 8.01-
216.3(A)(2).

346. As a result, Virginia Commonwealth monies were lost

-124-

through payments made in respect of the claims and other
costs were sustained by the Virginia Commonwealth
Government.

347. Therefore, the Virginia Commonwealth Government has been
damaged in an amount to be proven at trial.

348. Additionally, the Virginia Commonwealth Government is
entitled to the maximum penalty of $10,000 for each and
every false or fraudulent claim paid or approved arising
from the Defendants' fraudulent conduct as described
herein.

THIRTY-SEVENTH CAUSE OF ACTION
(Chicago False Claims Act
Chicago Mun. Code ch. 1-22-020(1))

349. Plaintiff/relator repeats and realleges each and every
allegation contained in paragraphs 1 through 133 above as
though fully set forth herein.

350. This is a claim for penalties and treble damages under
the Chicago False Claims Act.

351. By virtue of the acts described above, Defendants, for

-125-

the purpose of defrauding the Chicago City Government,
knowingly presented and/or caused to be presented false
claims for payment or approval under Medicaid and other
Chicago City funded programs to officers or employees of
the City within the meaning of Chicago Mun. Code ch. 1-
22-020(1).

352. As a result, Chicago City monies were lost through
payments made in respect of the claims and other costs
were sustained by the Chicago City Government.

353. Therefore, the Chicago City Government has been damaged
in an amount to be proven at trial.

354. Additionally, the Chicago City Government is entitled to
the maximum penalty of $10,000 for each and every false
claim presented and caused to be presented by Defendants
and arising from their fraudulent conduct as described
herein.

                    THIRTY-EIGHTH CAUSE OF ACTION
                      (Chicago False Claims Act
                    Chicago Mun. Code ch. 1-22-020(2))

355. Plaintiff/relator repeats and realleges each and every

                              -126-

allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

356. This is a claim for penalties and treble damages under the Chicago False Claims Act.

357. By virtue of the acts described above, Defendants, for the purpose of defrauding the Chicago City Government, knowingly made, used, and/or caused to be made or used, false records or statement to get false claims paid or approved under Medicaid and other Chicago City funded programs within the meaning of Chicago Mun. Code ch. 1-22-020(2).

358. As a result, Chicago City monies were lost through payments made in respect of the claims and other costs were sustained by the Chicago City Government.

359. Therefore, the Chicago City Government has been damaged in an amount to be proven at trial.

360. Additionally, the Chicago City Government is entitled to the maximum penalty of $10,000 for each and every false

-127-

claim presented and caused to be presented by Defendants
and arising from their fraudulent conduct as described
herein.

THIRTY-NINTH CAUSE OF ACTION - [PROPOSED]
(New York City False Claims Act
NYC Admin. Code § 7-803(a)(1))

361. Plaintiff/relator repeats and realleges each and every
     allegation contained in paragraphs 1 through 133 above as
     though fully set forth herein.

362. This is a claim for penalties and treble damages under
     the New York City False Claims Act.

363. By virtue of the acts described above, Defendants, for
     the purpose of defrauding the New York City Government,
     knowingly  presented and/or caused to be presented false
     claims for payment or approval under Medicaid and other
     New York City funded programs to officers or employees of
     the City within the meaning of NYC Admin. Code § 7-
     803(a)(1).

364. As a result, New York City monies were lost through
     payments made in respect of the claims and other costs

-128-

were sustained by the New York City Government.

365.  Therefore, the New York City Government has been damaged
      in an amount to be proven at trial.

366.  Additionally, the New York City Government is entitled
      to the maximum penalty of $15,000 for each and every
      false claim presented and caused to be presented by
      Defendants and arising from their fraudulent conduct as
      described herein.

                 FORTIETH CAUSE OF ACTION - [PROPOSED]
                    (New York City False Claims Act
                    NYC Admin. Code § 7-803(a)(2))

367.  Plaintiff/relator repeats and realleges each and every
      allegation contained in paragraphs 1 through 133 above as
      though fully set forth herein.

368.  This is a claim for penalties and treble damages under
      the New York City False Claims Act.

369.  By virtue of the acts described above, Defendants, for
      the purpose of defrauding the New York City Government,
      knowingly made, used, and/or caused to be made or used,
      false records or statements to get false claims paid or

                              -129-

approved under Medicaid and other New York City funded
programs within the meaning of NYC Admin. Code § 7-
803(a)(2).

370. As a result, New York City monies were lost through
payments made in respect of the claims and other costs
were sustained by the New York City Government.

371. Therefore, the New York City Government has been damaged
in an amount to be proven at trial.

372. Additionally, the New York City Government is entitled
to the maximum penalty of $15,000 for each and every
false claim paid or approved arising from the Defendants'
fraudulent conduct as described herein.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in an amount equal to threefold the damages to
be proven at trial against Defendants and in favor of the
United States, plus a civil penalty of up to $11,000 for
each violation of 31 U.S.C. § 3729 proven at trial;

2.  Judgment in an amount equal to threefold the damages to
    be proven at trial against Defendants and in favor of the
    State of California, plus a civil penalty of $10,000 for
    each violation of Cal. Gov't Code § 12651 proven at
    trial;

3.  Judgment in an amount equal to threefold the damages to
    be proven at trial against Defendants and in favor of the
    State of Delaware, plus a civil penalty of $11,000 for
    each violation of 6 Del. C. § 1201 proven at trial;

4.  Judgment in an amount equal to threefold the damages to
    be proven at trial against Defendants and in favor of the
    District of Columbia, plus a civil penalty of $10,000 for
    each violation of D.C. Code Ann. § 2-308.14 proven at
    trial;

5.  Judgment in an amount equal to threefold the damages to
    be proven at trial against Defendants and in favor of the
    State of Florida, plus a civil penalty of $10,000 for
    each violation of Fla. Stat. Ann. § 68.082 proven at
    trial;

6.    Judgment in an amount equal to threefold the damages to
      be proven at trial against Defendants and in favor of the
      State of Hawaii, plus a civil penalty of $10,000 for each
      violation of Haw. Rev. Stat. § 661-21 proven at trial;

7.    Judgment in an amount equal to threefold the damages to
      be proven at trial against Defendants and in favor of the
      State of Illinois, plus a civil penalty of $10,000 for
      each violation of 740 Ill. Comp. Stat. § 175/3 proven at
      trial;

8.    Judgment in an amount equal to threefold the damages to
      be proven at trial against Defendants and in favor of the
      State of Indiana, plus a civil penalty of at least $5,000
      for each violation of Ind. Code § 5-11-5.5-2(b) proven at
      trial;

9.    Judgment in an amount equal to the damages to be proven
      at trial against Defendants and in favor of the State of
      Louisiana, plus a civil fine in the amount of three times
      the amount of actual damages sustained for each violation
      of La. Rev. Stat. 46:438.3 proven at trial;

-132-

10. Judgment in an amount equal to threefold the damages to
    be proven at trial against Defendants and in favor of the
    Commonwealth of Massachusetts, plus a civil penalty of
    $10,000 for each violation of Mass. Gen. L. Ch. 12, § 5B
    proven at trial;

11. Judgment in an amount equal to the damages to be proven
    at trial against Defendants and in favor of the State of
    Michigan, plus a civil penalty equal to the full amount
    of the benefit received by the Defendants plus triple the
    amount of damages suffered by the state for each
    violation of Mich. Comp. Laws § 400.610a proven at trial;

12. Judgment in an amount equal to threefold the damages to
    be proven at trial against Defendants and in favor of the
    State of Nevada, plus a civil penalty of $10,000 for each
    violation of Nev. Rev. Stat. Ann. §§ 357.040 proven at
    trial;

13. Judgment in an amount equal to threefold the damages to
    be proven at trial against Defendants and in favor of the
    State of New Hampshire, plus a civil penalty of $10,000

-133-

for each violation of N.H. Rev. Stat. Ann. § 167:61-b(I) proven at trial;

14. Judgment in an amount equal to threefold the damages to be proven at trial against Defendants and in favor of the State of New Mexico, plus a civil penalty for each violation of N.M. Stat. Ann. § 27-14-4 proven at trial;

15. Judgment in an amount equal to threefold the damages to be proven at trial against Defendants and in favor of the State of Tennessee, plus a civil penalty of $10,000 for each violation of Tenn. Code Ann. § Tenn. Code Ann. § 4-18-103 proven at trial;

16. Judgment in an amount equal to threefold the damages to be proven at trial against Defendants and in favor of the State of Tennessee, plus a civil penalty of $10,000 for each violation of Tenn. Code Ann. § 71-5-182 proven at trial;

17. Judgment in an amount equal to restitution, interest, and twofold the damages to be proven at trial against Defendants and in favor of the State of Texas, plus a

-134-

civil penalty of $10,000 for each violation of Tex. Hum.
Res. Code Ann. §§ 36.002 proven at trial;

18. Judgment in an amount equal to threefold the damages to
be proven at trial against Defendants and in favor of the
Commonwealth of Virginia, plus a civil penalty of $10,000
for each violation of Va. Code Ann. § 8.01-216.3 proven
at trial;

19. Judgment in an amount equal to threefold the damages to
be proven at trial against Defendants and in favor of the
City of Chicago, plus a civil penalty of $10,000 for each
violation of Chicago Mun. Code ch. 1-22-020 proven at
trial;

20. Judgment in an amount equal to threefold the damages to
be proven at trial against Defendants and in favor of the
City of New York, plus a civil penalty of $15,000 for
each violation of NYC Admin. Code § 7-803 proven at
trial;

21. An award to Cheryl Eckard of the maximum amount allowed
pursuant to 31 U.S.C. § 3730(d) and equivalent provisions

-135-

in the state statutes set forth above, including the
costs and expenses of this action and reasonable
attorneys' fees;

22.  An award to Cheryl Eckard of appropriate relief under 31
     U.S.C. § 3730 (h), including reinstatement with the same
     seniority status she would have had but for the
     discrimination alleged herein, two times the amount of
     back pay, interest on the back pay, and compensation for
     special damages sustained as a result of the
     discrimination, including litigation costs and reasonable
     attorneys' fees; and

23.  Such other, further and different relief, whether
     preliminary or permanent, legal or equitable, as the
     Court deems just and proper.

-136-

## DEMAND FOR JURY TRIAL

Plaintiff demands that his claims for relief against the Defendant be tried by a jury to the full extent permitted by law.

GETNICK & GETNICK

Dated: June 7 , 2006 By: _____

Neil V. Getnick (9864)
Lesley Ann Skillen (5156)
GETNICK & GETNICK
Rockefeller Center
620 Fifth Avenue
New York, New York 10020
Telephone: (212) 376-5666

LOCAL COUNSEL

Dated: June 8 , 2006 By: _____

Scott Tucker (BBO# 503940)
Tucker, Heifetz & Saltzman, LLP
100 Franklin Street
Suite 801
Boston, Massachusetts 02110
Telephone: (617) 557-9696

Attorneys for Qui Tam
Plaintiff, Cheryl D. Eckard