funded programs to officers or employees of the state within the meaning of Haw. Rev. Stat. § 661-21)(a)(1).

214. As a result, Hawaii State monies were lost through payments made in respect of the claims and other costs were sustained by the Hawaii State Government.

215. Therefore, the Hawaii State Government has been damaged in an amount to be proven at trial.

216. Additionally, the Hawaii State Government is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim presented and caused to be presented by Defendants and arising from their fraudulent conduct as described herein.

FIFTEENTH CAUSE OF ACTION
(Hawaii False Claims Act
Haw. Rev. Stat. § 661-21(a)(2))

217. Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

218. This is a claim for penalties and treble damages under the Hawaii False Claims Act.

219. By virtue of the acts described above, Defendants, for the purpose of defrauding the Hawaii State Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved under Medicaid and other Hawaii State funded programs within the meaning of Haw. Rev. Stat. § 661-21)(a)(2).

220. As a result, Hawaii State monies were lost through payments made in respect of the claims and other costs were sustained by the Hawaii State Government.

221. Therefore, the Hawaii State Government has been damaged in an amount to be proven at trial.

222. Additionally, the Hawaii State Government is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim **paid or approved** arising from the Defendants' fraudulent conduct as described herein.

SIXTEENTH CAUSE OF ACTION
(Illinois Whistleblower Reward and Protection Act
740 Ill. Comp. Stat. 175/3(a)(1))

223. Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

224. This is a claim for penalties and treble damages under the Illinois Whistleblower Reward and Protection Act.

225. By virtue of the acts described above, Defendants, for the purpose of defrauding the Illinois State Government, knowingly presented and/or caused to be presented false or fraudulent claims for payment or approval under Medicaid and other Illinois State funded programs to officers or employees of the state within the meaning of 740 Ill. Comp. Stat. 175/3(a)(1).

226. As a result, Illinois State monies were lost through payments made in respect of the claims and other costs were sustained by the Illinois State Government.

227. Therefore, the Illinois State Government has been damaged in an amount to be proven at trial.

228. Additionally, the Illinois State Government is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim presented and caused to be presented by Defendants and arising from their fraudulent conduct as described herein.

SEVENTEENTH CAUSE OF ACTION
(Illinois Whistleblower Reward and Protection Act
740 Ill. Comp. Stat. 175/3(a)(2))

229. Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

230. This is a claim for penalties and treble damages under the Illinois Whistleblower Reward and Protection Act.

231. By virtue of the acts described above, Defendants, for the purpose of defrauding the Illinois State Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved under Medicaid and other Illinois State funded programs within the meaning of 740 Ill. Comp. Stat. 175/3(a)(2).

232. As a result, Illinois State monies were lost through payments made in respect of the claims and other costs were sustained by the Illinois State Government.

233. Therefore, the Illinois State Government has been damaged in an amount to be proven at trial.

234. Additionally, the Illinois State Government is entitled to the

-91-

maximum penalty of $10,000 for each and every false or fraudulent
claim **paid or approved** arising from the Defendants' fraudulent
conduct as described herein.

### EIGHTEENTH CAUSE OF ACTION
(Indiana False Claims and Whistleblower Protection Act
Ind. Code § 5-11-5.5-2(b)(1) and (8))

235.   Plaintiff/relator repeats and realleges each and every
       allegation contained in paragraphs 1 through 133 above as
       though fully set forth herein.

236.   This is a claim for penalties and treble damages under the
       Indiana False Claims and Whistleblower Protection Act.

237.   By virtue of the acts described above, Defendants, for the
       purpose of defrauding the Indiana State Government, knowingly
       or intentionally presented and/or caused or induced another to
       present false claims under Medicaid and other Indiana State
       funded programs to the state for payment or approval within
       the meaning of Ind. Code § 5-11-5.5-2(b)(1) and (8).

238.   As a result, Indiana State monies were lost through payments
       made in respect of the claims and other costs were sustained
       by the Indiana State Government.

239.  Therefore, the Indiana State Government has been damaged in
      an amount to be proven at trial.

240.  Additionally, the Indiana State Government is entitled to a
      civil penalty of at least $5,000 for each and every false or
      fraudulent claim paid or approved arising from the Defendants'
      fraudulent conduct as describe herein.

NINETEENTH CAUSE OF ACTION
(Indiana False Claims and Whistleblower Protection Act
Ind. Code § 5-11-5.5-2(b)(2) and (8))

241.  Plaintiff/relator repeats and realleges each and every
      allegation contained in paragraphs 1 through 133 above as
      though fully set forth herein.

242.  This is a claim for penalties and treble damages under the
      Indiana False Claims and Whistleblower Protection Act.

243.  By virtue of the acts described above, Defendants, for the
      purpose of defrauding the Indiana State Government, knowingly
      or intentionally made, used, and/or caused or induced another
      to make or use, false records or statements to obtain payment
      or approval of a false claim under Medicaid and other Indiana
      State funded programs within the meaning of Ind. Code § 5-11-
      5.5-2(b)(2) and (8).

244.   As a result, Indiana State monies were lost through payments
       made in respect of the claims and other costs were sustained
       by the Indiana State Government.

245.   Therefore, the Indiana State Government has been damaged in
       an amount to be proven at trial.

246.   Additionally, the Indiana State Government is entitled to a
       civil penalty of at least $5,000 for each and every false or
       fraudulent claim paid or approved arising from the Defendants'
       fraudulent conduct as describe herein.

TWENTIETH CAUSE OF ACTION
(Louisiana Medical Assistance Programs Integrity Law
La. Rev. Stat. 46:438.3(A))

247.   Plaintiff/relator repeats and realleges each and every
       allegation contained in paragraphs 1 through 133 above as
       though fully set forth herein.

248.   This is a claim for a fine and damages under the Louisiana
       Medical Assistance Programs Integrity Law.

249.   By virtue of the acts described above, Defendants, for the
       purpose of defrauding the Louisiana State Government,

-94-

knowingly presented and/or caused to be presented false or fraudulent claims for payment or approval under Medicaid and other Louisiana State funded programs within the meaning of La. Rev. Stat. 46:438.3(A).

250. As a result, Louisiana State monies were lost through payments made in respect of the claims and other costs were sustained by the Louisiana State Government.

251. Therefore, the Louisiana State Government has been damaged in an amount to be proven at trial.

252. Additionally, the Louisiana State Government is entitled to the maximum civil fine in the amount of three times the amount of actual damages sustained by the medical assistance programs as a result of the violations described herein.   La. Rev. Stat. 46:438.6(B)(2).

TWENTY-FIRST CAUSE OF ACTION
(Louisiana Medical Assistance Programs Integrity Law
La. Rev. Stat. 46:438.3(B))

253. Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

254.  This is a claim for a fine and damages under the Louisiana Medical Assistance Programs Integrity Law.

255.  By virtue of the acts described above, Defendants, for the purpose of defrauding the Louisiana State Government, knowingly engaged in misrepresentations to obtain, or attempt to obtain, payment from medical assistance program funds within the meaning of La. Rev. Stat. 46:483.3(B).

256.  As a result, Louisiana State monies were lost through payments made in respect of the defendants' conduct and other costs were sustained by the Louisiana State Government.

257.  Therefore, the Louisiana State Government has been damaged in an amount to be proven at trial.

258.  Additionally, the Louisiana State Government is entitled to the maximum civil fine in the amount of three times the amount of actual damages sustained by the medical assistance programs as a result of the violations described herein.  La. Rev. Stat.  46:438.6(B)(2).

TWENTY-SECOND CAUSE OF ACTION
(Massachusetts False Claims Act
**Mass. Gen. L. Ch. 12, §§ 5B(1))**

259.   Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

260.   This is a claim for penalties and treble damages under the Massachusetts False Claims Act.

261.   By virtue of the acts described above, Defendants, for the purpose of defrauding the Massachusetts Commonwealth Government, knowingly presented and/or caused to be presented false or fraudulent claims for payment or approval under Medicaid and other Massachusetts Commonwealth funded programs within the meaning of **Mass. Gen. L. Ch. 12, §§ 5B(1)**.

262.   As a result, Massachusetts Commonwealth monies were lost through payments made in respect of the claims and other costs were sustained by the Massachusetts Commonwealth Government.

263.   Therefore, the Massachusetts Commonwealth Government has been damaged in an amount to be proven at trial.

264.   Additionally, the Massachusetts Commonwealth Government is

entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim presented and caused to be presented by Defendants and arising from their fraudulent conduct as described herein.

TWENTY-THIRD CAUSE OF ACTION
(Massachusetts False Claims Act
Mass. Gen. L. Ch. 12, §§ 5B(2))

265.  Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

266.  This is a claim for penalties and treble damages under the Massachusetts False Claims Act.

267.  By virtue of the acts described above, Defendants, for the purpose of defrauding the Massachusetts Commonwealth Government, knowingly made, used, and/or caused to be made or used, false records or statements to obtain payment or approval of claims by the Commonwealth within the meaning of Mass. Gen. L. Ch. 12, §§ 5B(2).

268.  As a result, Massachusetts Commonwealth monies were lost through payments made in respect of the claims and other costs were sustained by the Massachusetts Commonwealth Government.

-98-

269.  Therefore, the Massachusetts Commonwealth Government has been damaged in an amount to be proven at trial.

270.  Additionally, the Massachusetts Commonwealth Government is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim **paid or approved** arising from the Defendants' fraudulent conduct as described herein.

TWENTY-FOURTH CAUSE OF ACTION
(Michigan Medicaid False Claims Act
Mich. Comp. Laws § 400.610a)

271.  Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

272.  This is a claim for damages and a civil penalty under the Michigan Medicaid False Claims Act.

273.  By virtue of the acts described above, Defendants, for the purpose of defrauding the Michigan State Government, made or presented, or caused to be made or presented, to an employee or officer of the State of Michigan a claim under the social welfare act, Act No. 280 of the Public Acts of 1939, as amended, being sections 400.1 to 400.121 of the Michigan

Compiled Laws, upon or against the State, knowing the claim to be false within the meaning of Mich. Comp. Law §§ 400.601 et seq.

274. As a result, Michigan State monies were lost through payments made in respect of the claims and other costs were sustained by the Michigan State Government.

275. Therefore, the Michigan State Government has been damaged in an amount to be proven at trial.

276. Additionally, the Michigan State Government is entitled to a civil penalty equal to the full amount of the benefit received by the Defendants plus triple the amount of damages suffered by the state as a result of the conduct by Defendants as described herein.

TWENTY-FIFTH CAUSE OF ACTION
(Nevada False Claims Act
Nev. Rev. Stat. § 357.040(1)(a))

277. Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

278. This is a claim for penalties and treble damages under the

Nevada False Claims Act, entitled "Submission of False Claims to State or Local Government".

279.  By virtue of the acts described above, Defendants, for the purpose of defrauding the Nevada State Government, knowingly presented and/or caused to be presented false claims for payment or approval under Medicaid and other Nevada State funded programs within the meaning of Nev. Rev. Stat. § 357.040(1)(a).

280.  As a result, Nevada State monies were lost through payments made in respect of the claims and other costs were sustained by the Nevada State Government.

281.  Therefore, the Nevada State Government has been damaged in an amount to be proven at trial.

282.  Additionally, the Nevada State Government is entitled to the maximum penalty of $10,000 for each and every false claim presented and caused to be presented by Defendants and arising from their fraudulent conduct as described herein.

TWENTY-SIXTH CAUSE OF ACTION
(Nevada False Claims Act
Nev. Rev. Stat. § 357.040(1)(b))

283.  Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

284.  This is a claim for penalties and treble damages under the Nevada False Claims Act, entitled "Submission of False Claims to State or Local Government".

285.  By virtue of the acts described above, Defendants, for the purpose of defrauding the Nevada State Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false claims paid or approved under Medicaid and other Nevada State funded programs within the meaning of Nev. Rev. Stat. § 357.040(1)(b).

286.  As a result, Nevada State monies were lost through payments made in respect of the claims and other costs were sustained by the Nevada State Government.

287.  Therefore, the Nevada State Government has been damaged in an amount to be proven at trial.

288.  Additionally, the Nevada State Government is entitled to the maximum penalty of \$10,000 for each and every false claim **paid or approved** arising from the Defendants' fraudulent conduct as described herein.

TWENTY-SEVENTH CAUSE OF ACTION
(New Hampshire False Claims Act
N.H. Rev. Stat. Ann. § 167:61-b(I)(a))

289.  Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

290.  This is a claim for penalties and treble damages under the New Hampshire False Claims Act.

291.  By virtue of the acts described above, Defendants, for the purpose of defrauding the New Hampshire State Government, knowingly presented and/or caused to be presented false claims for payment or approval under Medicaid and other New Hampshire State funded programs to officers or employees of the state within the meaning of N.H. Rev. Stat. Ann. § 167:61-b(I)(a).

292.  As a result, New Hampshire state monies were lost through payments made in respect of the claims and other costs were sustained by the New Hampshire State Government.

293.  Therefore, the New Hampshire State Government has been damaged in an amount to be proven at trial.

294.  Additionally, the New Hampshire State Government is entitled to the maximum penalty of $10,000 for each and every false claim presented and caused to be presented by Defendants and arising from their fraudulent conduct as described herein.

TWENTY-EIGHTH CAUSE OF ACTION
(New Hampshire False Claims Act
N.H. Rev. Stat. Ann. § 167:61-b(I)(b))

295.  Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

296.  This is a claim for penalties and treble damages under the New Hampshire False Claims Act.

297.  By virtue of the acts described above, Defendants, for the purpose of defrauding the New Hampshire State Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false claims paid or approved under Medicaid and other New Hampshire State funded programs within the meaning of N.H. Rev. Stat. Ann. § 167:61-b(I)(b).

-104-

298.   As a result, New Hampshire State monies were lost through payments made in respect of the claims and other costs were sustained by the New Hampshire State Government.

299.   Therefore, the New Hampshire State Government has been damaged in an amount to be proven at trial.

300.   Additionally, the New Hampshire State Government is entitled to the maximum penalty of $10,000 for each and every false claim paid or approved arising from the Defendants' fraudulent conduct as described herein.

TWENTY-NINTH CAUSE OF ACTION
(New Mexico Medicaid False Claims Act
N.M. Stat. Ann. § 27-14-4(A))

301.   Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.          •

302.   This is a claim for penalties and treble damages under the New Mexico Medicaid False Claims Act.

303.   By virtue of the acts described above, Defendants, for the purpose of defrauding the New Mexico State Government,

-105-

knowingly presented and/or caused to be presented false claims
for payment under Medicaid and other New Mexico State funded
programs to the State within the meaning of N.M. Stat. Ann. §
27-14-4(A).

304.   As a result, New Mexico State monies were lost through
       payments made in respect of the claims and other costs were
       sustained by the New Mexico State Government.

305.   Therefore, the New Mexico State Government has been damaged
       in an amount to be proven at trial.

306.   Additionally, the New Mexico State Government is entitled to
       the maximum penalty for each and every false claim presented
       and caused to be presented by Defendants and arising from
       their fraudulent conduct as described herein.

                    THIRTIETH CAUSE OF ACTION
                 (New Mexico Medicaid False Claims Act
                    N.M. Stat. Ann. § 27-14-4(C))

307.   Plaintiff/relator repeats and realleges each and every
       allegation contained in paragraphs 1 through 133 above as
       though fully set forth herein.

308.   This is a claim for penalties and treble damages under the

-106-

New Mexico Medicaid False Claims Act.

309.  By virtue of the acts described above, Defendants, for the
      purpose of defrauding the New Mexico State Government,
      knowingly made, used, and/or caused to be made or used, false
      records or statements to get false claims paid or approved
      under Medicaid and other New Mexico State funded programs
      within the meaning of N.M. Stat. Ann. § 27-14-4(C).

310.  As a result, New Mexico State monies were lost through
      payments made in respect of the claims and other costs were
      sustained by the New Mexico State Government.

311.  Therefore, the New Mexico State Government has been damaged
      in an amount to be proven at trial.

312.  Additionally, the New Mexico State Government is entitled to
      the maximum penalty for each and every false claim paid or
      approved arising from the Defendants' fraudulent conduct as
      described herein.

                    THIRTY-FIRST CAUSE OF ACTION
                     (New York False Claims Act
                   N.Y. State Fin. Law § 189(1)(a))

313.  Plaintiff/relator repeats and realleges each and every

                              -107-

allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

314. This is a claim for penalties and treble damages under the New York False Claims Act.

315. By virtue of the acts described above, Defendants, for the purpose of defrauding the New York State Government, knowingly presented and/or caused to be presented false claims for payment or approval under Medicaid and other New York State funded programs to officers or employees or agents of the state within the meaning of N.Y. State Fin. Law § 189(1)(a).

316. As a result, New York State monies were lost through payments made in respect of the claims and other costs were sustained by the New York State Government.

317. Therefore, the New York State Government has been damaged in an amount to be proven at trial.

318. Additionally, the New York State Government is entitled to the maximum penalty of $12,000 for each and every false claim presented and caused to be presented by Defendants and arising from their fraudulent conduct as described herein.

-108-

THIRTY-SECOND CAUSE OF ACTION
(New York False Claims Act
N.Y. State Fin. Law § 189(1)(b))

319.   Plaintiff/relator repeats and realleges each and every
       allegation contained in paragraphs 1 through 133 above as
       though fully set forth herein.

320.   This is a claim for penalties and treble damages under the
       New York False Claims Act.

321.   By virtue of the acts described above, Defendants, for the
       purpose of defrauding the New York State Government, knowingly
       made, used, and/or caused to be made or used, false records or
       statements to get false claims paid or approved under Medicaid
       and other New York State funded programs within the meaning of
       N.Y. State Fin. Law § 189(1)(b).

322.   As a result, New York State monies were lost through payments
       made in respect of the claims and other costs were sustained
       by the New York State Government.

323.   Therefore, the New York State Government has been damaged in
       an amount to be proven at trial.

324.  Additionally, the New York State Government is entitled to
      the maximum penalty of $12,000 for each and every false claim
      **paid or approved** arising from the Defendants' fraudulent
      conduct as described herein.

                  THIRTY-THIRD CAUSE OF ACTION
                    (Tennessee False Claims Act
                  Tenn. Code Ann. § 4-18-103(a)(1))

325.  Plaintiff/relator repeats and realleges each and every
      allegation contained in paragraphs 1 through 133 above as
      though fully set forth herein.

326.  This is a claim for penalties and treble damages under the
      Tennessee False Claims Act.

327.  By virtue of the acts described above, Defendants, for the
      purpose of defrauding the Tennessee State Government,
      knowingly presented and/or caused to be presented false claims
      for payment or approval under Medicaid and other Tennessee
      State funded programs to officers or employees of the state
      within the meaning of Tenn. Code Ann. § 4-18-103(a)(1).

328.  As a result, Tennessee State monies were lost through
      payments made in respect of the claims and other costs were
      sustained by the Tennessee State Government.

329. Therefore, the Tennessee State Government has been damaged in an amount to be proven at trial.

330. Additionally, the Tennessee State Government is entitled to the maximum penalty of $10,000 for each and every false claim presented and caused to be presented by Defendants and arising from their fraudulent conduct as described herein.

THIRTY-FOURTH CAUSE OF ACTION
(Tennessee False Claims Act
Tenn. Code Ann. § 4-18-103(a)(2))

331. Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

332. This is a claim for penalties and treble damages under the Tennessee False Claims Act.

333. By virtue of the acts described above, Defendants, for the purpose of defrauding the Tennessee State Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false claims paid or approved under Medicaid and other Tennessee State funded programs within the meaning of Tenn. Code Ann. § 4-18-103(a)(2).

-111-

334.   As a result, Tennessee State monies were lost through payments made in respect of the claims and other costs were sustained by the Tennessee State Government.

335.   Therefore, the Tennessee State Government has been damaged in an amount to be proven at trial.

336.   Additionally, the Tennessee State Government is entitled to the maximum penalty of $10,000 for each and every false claim **paid or approved** arising from the Defendants' fraudulent conduct as described herein.

THIRTY-FIFTH CAUSE OF ACTION
(Tennessee Medicaid False Claims Act
Tenn. Code Ann. § 71-5-182(a)(1)(A))

337.   Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

338.   This is a claim for penalties and treble damages under the Tennessee Medicaid False Claims Act.

339.   By virtue of the acts described above, Defendants, for the purpose of defrauding the Tennessee State Government,

knowingly presented and/or caused to be presented to the state claims for payment under the Medicaid program knowing such claims were false or fraudulent within the meaning of Tenn. Code Ann. § 71-5-182(a)(1)(A).

340. As a result, Tennessee State monies were lost through payments made in respect of the claims and other costs were sustained by the Tennessee State Government.

341. Therefore, the Tennessee State Government has been damaged in an amount to be proven at trial.

342. Additionally, the Tennessee State Government is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim presented and caused to be presented by Defendants and arising from their fraudulent conduct as described herein.

THIRTY-SIXTH CAUSE OF ACTION
(Tennessee Medicaid False Claims Act
Tenn. Code Ann. § 71-5-182(a)(1)(B))

343. Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

344.  This is a claim for penalties and treble damages under the
      Tennessee Medicaid False Claims Act.

345.  By virtue of the acts described above, Defendants, for the
      purpose of defrauding the Tennessee State Government,
      knowingly made, used, and/or caused to be made or used,
      records or statements to get false or fraudulent claims under
      the Medicaid program paid for or approved by the state knowing
      such record or statement were false within the meaning of
      Tenn. Code Ann. § 71-5-182(a)(1)(B).

346.  As a result, Tennessee State monies were lost through
      payments made in respect of the claims and other costs were
      sustained by the Tennessee State Government.

347.  Therefore, the Tennessee State Government has been damaged in
      an amount to be proven at trial.

348.  Additionally, the Tennessee State Government is entitled to
      the maximum penalty of $10,000 for each and every false or
      fraudulent claim **paid or approved** arising from the Defendants'
      fraudulent conduct as described herein.

THIRTY-SEVENTH CAUSE OF ACTION
(Texas Medicaid Fraud Prevention Law
Tex. Hum. Res. Code § 36.002(1)(A))

349. Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

350. This is a claim for restitution, interest, penalties and double damages under the Medicaid Fraud Prevention Law.

351. By virtue of the acts described above, the Defendants, for the purpose of defrauding the Texas State Government, knowingly or intentionally made, and/or caused to be made, false statements or representations of material facts on applications for contracts, benefits, or payments under the Medicaid program, within the meaning of Tex. Hum. Res. Code § 36.002(1)(A).

352. As a result, Texas State monies were lost through payments made in respect of the false statements or representations and other costs were sustained by the Texas State Government.

353. Therefore, the Texas State Government has been damaged in an amount to be proven at trial.

354. Additionally, the Texas State Government is entitled to the

maximum penalty of $10,000 for each and every unlawful act committed by the Defendants under this provision. Tex. Hum. Res. Code § 36.052(3)(B).

                    THIRTY-EIGHTH CAUSE OF ACTION
                  (Texas Medicaid Fraud Prevention Law
                   Tex. Hum. Res. Code § 36.002(4)(B))

355.  Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

356.  This is a claim for restitution, interest, penalties and double damages under the Medicaid Fraud Prevention Law.

357.  By virtue of the acts described above, the Defendants, for the purpose of defrauding the Texas State Government, knowingly or intentionally made, caused to be made, induced, and/or sought to induce, the making of false statements or misrepresentations of material fact concerning information required to be provided by a federal or state law, rule, regulation, or provider agreement pertaining to the Medicaid program, within the meaning of Tex. Hum. Res. Code § 36.002(4)(B).

358.  As a result, Texas State monies were lost through payments made in respect of the false statements or representations and

other costs were sustained by the Texas State Government.

359. Therefore, the Texas State Government has been damaged in an amount to be proven at trial.

360. Additionally, the Texas State Government is entitled to the maximum penalty of $10,000 for each and every unlawful act committed by the Defendants under this provision. Tex. Hum. Res. Code § 36.052(3)(B).

THIRTY-NINTH CAUSE OF ACTION
(Virginia Fraud Against Taxpayers Act
Va. Code Ann. § 8.01-216.3(A)(1))

361. Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

362. This is a claim for penalties and treble damages under the Virginia Fraud Against Taxpayers Act.

363. By virtue of the acts described above, Defendants, for the purpose of defrauding the Virginia Commonwealth Government, knowingly presented and/or caused to be presented false or fraudulent claims for payment or approval under Medicaid and other Virginia Commonwealth funded programs to officers or