employees of the Commonwealth within the meaning of **Va. Code Ann. § 8.01-216.3(A)(1)**.

364.  As a result, Virginia Commonwealth monies were lost through payments made in respect of the claims and other costs were sustained by the Virginia Commonwealth Government.

365.  Therefore, the Virginia Commonwealth Government has been damaged in an amount to be proven at trial.

366.  Additionally, the Virginia Commonwealth Government is entitled to the maximum penalty of $10,000 for each and every false or fraudulent claim presented and caused to be presented by Defendants and arising from their fraudulent conduct as described herein.

FORTIETH CAUSE OF ACTION
(Virginia Fraud Against Taxpayers Act
Va. Code Ann. § 8.01-216.3(A)(2))

367.  Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

368.  This is a claim for penalties and treble damages under the Virginia Fraud Against Taxpayers Act.

-118-

369.  By virtue of the acts described above, Defendants, for the
      purpose of defrauding the Virginia Commonwealth Government,
      knowingly made, used, and/or caused to be made or used, false
      records or statements to get false or fraudulent claims paid
      or approved by the Commonwealth under Medicaid and other
      Virginia Commonwealth funded programs within the meaning of
      **Va. Code Ann. § 8.01-216.3(A)(2).**

370.  As a result, Virginia Commonwealth monies were lost through
      payments made in respect of the claims and other costs were
      sustained by the Virginia Commonwealth Government.

371.  Therefore, the Virginia Commonwealth Government has been
      damaged in an amount to be proven at trial.

372.  Additionally, the Virginia Commonwealth Government is
      entitled to the maximum penalty of $10,000 for each and every
      false or fraudulent claim **paid or approved** arising from the
      Defendants' fraudulent conduct as described herein.

<u>FORTY-FIRST CAUSE OF ACTION</u>
(Chicago False Claims Act
Chicago Mun. Code ch. 1-22-020(1))

373.  Plaintiff/relator repeats and realleges each and every

-119-

allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

374.  This is a claim for penalties and treble damages under the Chicago False Claims Act.

375.  By virtue of the acts described above, Defendants, for the purpose of defrauding the Chicago City Government, knowingly presented and/or caused to be presented false claims for payment or approval under Medicaid and other Chicago City funded programs to officers or employees of the City within the meaning of Chicago Mun. Code ch. 1-22-020(1).

376.  As a result, Chicago City monies were lost through payments made in respect of the claims and other costs were sustained by the Chicago City Government.

377.  Therefore, the Chicago City Government has been damaged in an amount to be proven at trial.

378.  Additionally, the Chicago City Government is entitled to the maximum penalty of $10,000 for each and every false claim presented and caused to be presented by Defendants and arising from their fraudulent conduct as described herein.

FORTY-SECOND CAUSE OF ACTION
(Chicago False Claims Act
Chicago Mun. Code ch. 1-22-020(2))

379.   Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

380.   This is a claim for penalties and treble damages under the Chicago False Claims Act.

381.   By virtue of the acts described above, Defendants, for the purpose of defrauding the Chicago City Government, knowingly made, used, and/or caused to be made or used, false records or statement to get false claims paid or approved under Medicaid and other Chicago City funded programs within the meaning of Chicago Mun. Code ch. 1-22-020(2).

382.   As a result, Chicago City monies were lost through payments made in respect of the claims and other costs were sustained by the Chicago City Government.

383.   Therefore, the Chicago City Government has been damaged in an amount to be proven at trial.

384.  Additionally, the Chicago City Government is entitled to the maximum penalty of $10,000 for each and every false claim presented and caused to be presented by Defendants and arising from their fraudulent conduct as described herein.


FORTY-THIRD CAUSE OF ACTION - [PROPOSED]
(New York City False Claims Act
NYC Admin. Code § 7-803(a)(1))

385.  Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.


386.  This is a claim for penalties and treble damages under the New York City False Claims Act.


387.  By virtue of the acts described above, Defendants, for the purpose of defrauding the New York City Government, knowingly presented and/or caused to be presented false claims for payment or approval under Medicaid and other New York City funded programs to officers or employees of the City within the meaning of NYC Admin. Code § 7-803(a)(1).


388.  As a result, New York City monies were lost through payments made in respect of the claims and other costs were sustained by the New York City Government.

389.   Therefore, the New York City Government has been damaged in an amount to be proven at trial.

390.   Additionally, the New York City Government is entitled to the maximum penalty of $15,000 for each and every false claim presented and caused to be presented by Defendants and arising from their fraudulent conduct as described herein.

FORTY-FOURTH CAUSE OF ACTION - [PROPOSED]
(New York City False Claims Act
NYC Admin. Code § 7-803(a)(2))

391.   Plaintiff/relator repeats and realleges each and every allegation contained in paragraphs 1 through 133 above as though fully set forth herein.

392.   This is a claim for penalties and treble damages under the New York City False Claims Act.

393.   By virtue of the acts described above, Defendants, for the purpose of defrauding the New York City Government, knowingly made, used, and/or caused to be made or used, false records or statements to get false claims paid or approved under Medicaid and other New York City funded programs within the meaning of NYC Admin. Code § 7-803(a)(2).

-123-

394.   As a result, New York City monies were lost through payments made in respect of the claims and other costs were sustained by the New York City Government.

395.   Therefore, the New York City Government has been damaged in an amount to be proven at trial.

396.   Additionally, the New York City Government is entitled to the maximum penalty of $15,000 for each and every false claim paid or approved arising from the Defendants' fraudulent conduct as described herein.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.    Judgment in an amount equal to threefold the damages to be proven at trial against Defendants and in favor of the United States, plus a civil penalty of up to $11,000 for each violation of 31 U.S.C. § 3729 proven at trial;

2.    Judgment in an amount equal to threefold the damages to be proven at trial against Defendants and in favor of the State of California, plus a civil penalty of $10,000 for each

violation of Cal. Gov't Code § 12651 proven at trial;

3.    Judgment in an amount equal to threefold the damages to be proven at trial against Defendants and in favor of the State of Delaware, plus a civil penalty of $11,000 for each violation of 6 Del. C. § 1201 proven at trial;

4.    Judgment in an amount equal to threefold the damages to be proven at trial against Defendants and in favor of the District of Columbia, plus a civil penalty of $10,000 for each violation of D.C. Code Ann. § 2-308.14 proven at trial;

5.    Judgment in an amount equal to threefold the damages to be proven at trial against Defendants and in favor of the State of Florida, plus a civil penalty of $10,000 for each violation of Fla. Stat. Ann. § 68.082 proven at trial;

6.    Judgment in an amount equal to threefold the damages to be proven at trial against Defendants and in favor of the State of Georgia, plus a civil penalty of $11,000 for each violation of Ga. Code Ann. § 49-4-168.1 proven at trial;

7.    Judgment in an amount equal to threefold the damages to be proven at trial against Defendants and in favor of the State of Hawaii, plus a civil penalty of $10,000 for each violation of Haw. Rev. Stat. § 661-21 proven at trial;

8.    Judgment in an amount equal to threefold the damages to be proven at trial against Defendants and in favor of the State of Illinois, plus a civil penalty of $10,000 for each violation of 740 Ill. Comp. Stat. § 175/3 proven at trial;

9.    Judgment in an amount equal to threefold the damages to be proven at trial against Defendants and in favor of the State of Indiana, plus a civil penalty of at least $5,000 for each violation of Ind. Code § 5-11-5.5-2(b) proven at trial;

10.    Judgment in an amount equal to the damages to be proven at trial against Defendants and in favor of the State of Louisiana, plus a civil fine in the amount of three times the amount of actual damages sustained for each violation of La. Rev. Stat. 46:438.3 proven at trial;

11.    Judgment in an amount equal to threefold the damages to be proven at trial against Defendants and in favor of the Commonwealth of Massachusetts, plus a civil penalty of $10,000 for each violation of Mass. Gen. L. Ch. 12, § 5B proven at trial;

12.    Judgment in an amount equal to the damages to be proven at trial against Defendants and in favor of the State of Michigan, plus a civil penalty equal to the full amount of the

-126-

benefit received by the Defendants plus triple the amount of damages suffered by the state for each violation of Mich. Comp. Laws § 400.610a proven at trial;

13. Judgment in an amount equal to threefold the damages to be proven at trial against Defendants and in favor of the State of Nevada, plus a civil penalty of $10,000 for each violation of Nev. Rev. Stat. Ann. §§ 357.040 proven at trial;

14. Judgment in an amount equal to threefold the damages to be proven at trial against Defendants and in favor of the State of New Hampshire, plus a civil penalty of $10,000 for each violation of N.H. Rev. Stat. Ann. § 167:61-b(I) proven at trial;

15. Judgment in an amount equal to threefold the damages to be proven at trial against Defendants and in favor of the State of New Mexico, plus a civil penalty for each violation of N.M. Stat. Ann. § 27-14-4 proven at trial;

16. Judgment in an amount equal to threefold the damages to be proven at trial against Defendants and in favor of the State of New York, plus a civil penalty of $12,000 for each violation of N.Y. State Fin. Law § 189 proven at trial;

17. Judgment in an amount equal to threefold the damages to be

proven at trial against Defendants and in favor of the State of Tennessee, plus a civil penalty of $10,000 for each violation of Tenn. Code Ann. § Tenn. Code Ann. § 4-18-103 proven at trial;

18.   Judgment in an amount equal to threefold the damages to be proven at trial against Defendants and in favor of the State of Tennessee, plus a civil penalty of $10,000 for each violation of Tenn. Code Ann. § 71-5-182 proven at trial;

19.   Judgment in an amount equal to restitution, interest, and twofold the damages to be proven at trial against Defendants and in favor of the State of Texas, plus a civil penalty of $10,000 for each violation of Tex. Hum. Res. Code Ann. §§ 36.002 proven at trial;

20.   Judgment in an amount equal to threefold the damages to be proven at trial against Defendants and in favor of the Commonwealth of Virginia, plus a civil penalty of $10,000 for each violation of Va. Code Ann. § 8.01-216.3 proven at trial;

21.   Judgment in an amount equal to threefold the damages to be proven at trial against Defendants and in favor of the City of Chicago, plus a civil penalty of $10,000 for each violation of Chicago Mun. Code ch. 1-22-020 proven at trial;

22. Judgment in an amount equal to threefold the damages to be proven at trial against Defendants and in favor of the City of New York, plus a civil penalty of $15,000 for each violation of NYC Admin. Code § 7-803 proven at trial;

23. An award to Cheryl Eckard of the maximum amount allowed pursuant to 31 U.S.C. § 3730(d) and equivalent provisions in the state statutes set forth above, including the costs and expenses of this action and reasonable attorneys' fees;

24. An award to Cheryl Eckard of appropriate relief under 31 U.S.C. § 3730 (h), including reinstatement with the same seniority status she would have had but for the discrimination alleged herein, two times the amount of back pay, interest on the back pay, and compensation for special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees; and

25. Such other, further and different relief, whether preliminary or permanent, legal or equitable, as the Court deems just and proper.

[CONTINUED ON NEXT PAGE]

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands that her claims for relief against the Defendants be tried by a jury to the full extent permitted by law.


GETNICK & GETNICK

Dated: _July 23_____, 2007     By: _____
Neil V. Getnick (9864)
Lesley Ann Skillen (5156)
GETNICK & GETNICK
Rockefeller Center
620 Fifth Avenue
New York, New York  10020-2457
Telephone:  (212) 376-5666


LOCAL COUNSEL

Dated: _July 24_____, 2007     By: _____
Scott J. Tucker (BBO# 503940)
Tucker, Heifetz & Saltzman, LLP
100 Franklin Street
Suite 801
Boston, Massachusetts 02110
Telephone:  (617) 557-9696


Attorneys for <u>Qui</u> <u>Tam</u>
Plaintiff, Cheryl D. Eckard