## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, et al. )<br>ex rel. CHERYL D. ECKARD, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>SMITHKLINE BEECHAM CORP. )<br>d/b/a GLAXOSMITHKLINE, )<br>SB PHARMCO PUERTO RICO, INC., )<br>GLAXOSMITHKLINE PUERTO RICO, )<br>INC., and HOFFMAN-LA ROCHE, INC., )<br> )<br>Defendants. )<br> ) | Civil Action No. 04-CV-10375-JLT |

## STIPULATED PROTECTIVE ORDER

It is hereby stipulated and agreed, by and between the parties to the above action, through their respective counsel, that the terms and conditions of this Stipulated Protective Order shall govern initial disclosures, the production and handling of documents, answers to interrogatories, responses to requests for admissions, depositions, pleadings, exhibits, and other information exchanged by the parties in the above-identified action or by non-parties in response to discovery requests in the above-identified action. To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded only to material so entitled, the Court enters this agreed-upon Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

IT IS HEREBY ORDERED AS FOLLOWS:

1. **Confidential Material:** This Stipulated Protective Order ("the Order") will apply to all confidential material produced by the parties or any non-party. Information designated confidential pursuant to this order shall be limited to information that a party, including any non-party, produces and, reasonably and in good faith, believes is entitled to protection under Federal Rule of Civil Procedure 26(c) for reasons including, but not limited to, that the designated information contains trade secret or other confidential research, development, or commercial information. Such documents, testimony, and information are referred to below as "Confidential Material."

    a. If any Party believes that a document has been improperly designated as Confidential Material and is not entitled to protection under Federal Rule of Civil Procedure 26(c), that Party shall follow the process described in paragraph 13.

    b. The terms of this Order shall in no way affect the right of any person to withhold or redact information on the grounds it is protected from discovery, such as for attorney/client privilege, or work product grounds; or to withhold or redact information on grounds that such information is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

    c. Confidential Material does not include information or documents produced or disclosed that are or become, without violating this Order, a matter of public record or publicly available by law or otherwise.

    d. Subject to the exceptions set forth in paragraph 4, designation of information as Confidential Material shall constitute a representation that such document,

material or information has been reviewed and that there is a good faith basis for such designation.

2. **Stipulated Order**: This Order governs the handling of Confidential Material, and applies to all products of discovery, including but not limited to documents, objects and things, deposition testimony, and interrogatory/request for production of documents/request for admission responses, and any copies, excerpts, or summaries, produced by any Party informally or pursuant to any Court order in the above-captioned matter. The terms "Party" or "Parties," as used herein, shall mean Plaintiff-Relator and/or Defendants, as well as their officers, directors, employees, agents, and legal counsel.

3. **Use of Confidential Material**: Confidential Material shall be used only in and for the litigation, including appeals, of this action, *United States et al. ex rel. Eckard v. SmithKline Beecham Corporation, et al.*, Civil Action No 04-CV-10375-JLT ("Litigation"). All persons given access to Confidential Material shall (a) read and agree to be bound by this Order; (b) sign the Endorsement of Protective Order (attached as Exhibit A) (" Endorsement"); and (c) consent to this Court's continuing jurisdiction for purposes of enforcing and remedying any violations of the Order. Confidential Material shall not be disclosed except in accordance with paragraphs 5 and 7 herein.

4. **Designation of Documents Produced by Defendants to DOJ**: Pursuant to the Court's June 10, 2008 Order, on or before July 9, 2008, SmithKline Beecham Corporation ("SKB") will make its first production to Plaintiff-Relator of documents produced by SKB to the United States Department of Justice concerning this matter. These documents will be provided to Plaintiff-Relator stamped "Confidential-OP" ("OP" standing for original production), as will any other documents produced by SKB to the United States Department of Justice that SKB

subsequently produces to Plaintiff-Relator and which were or will be reviewed by SKB prior to July 15, 2008 (collectively, "Documents Produced to DOJ"). However, unless otherwise ordered by the Court, the "Confidential-OP" stamp does not amount to a designation of those documents as Confidential Material for the purposes of this Litigation and Order. Defendants will have until July 9, 2009, or such later date as the parties agree to in writing and the Court approves ("Designation Date"), to either: a) designate Documents Produced to DOJ as Confidential Material for the purposes of this Litigation and Order; or b) move the Court for a further protective order that the re-review and confidentiality designation of the Documents Produced to DOJ shall not be a prerequisite to obtaining confidentiality protection pursuant to this Order. Documents designated as Confidential Material will be stamped "Confidential-CE" ("CE" standing for Cheryl Eckard), and will be governed by this Order. Documents Produced to DOJ not so designated as Confidential Material and stamped "Confidential-CE" by the Designation Date will not qualify as Confidential Material. Documents stamped "Confidential-OP" will be treated as the equivalent of Confidential Material until the Designation Date, unless such documents do not qualify as Confidential Material pursuant to the process set forth below in this paragraph and elsewhere in this Order. If, prior to the Designation Date, Plaintiff-Relator seeks to treat as non-confidential any Documents Produced to DOJ bearing the legend "Confidential-OP," Plaintiff-Relator will provide five (5) business days advance written notice to Defendants ("Five Day Notice Period"), which notice shall provide bates number information or such other information as is necessary to permit Defendants to identify the subject documents. Defendants will then have the opportunity to designate such documents within that Five Day Notice Period as Confidential Material for the purpose of this Order. Such documents not so designated within that Five Day Notice Period will not qualify as Confidential Material.

5.  **Procedure Prior to Disclosure of Confidential Material**: Prior to providing Confidential Material to persons pursuant to subparagraph 7(a), such persons shall be (a) provided a copy of this Order by the Party providing the Confidential Material; (b) advised that Confidential Material may not be divulged other than as specifically provided herein; (c) required to comply with the provisions of this Order, after reading and agreeing to be bound by it; and (d) required to sign the Endorsement. Anyone who reviews or examines any item produced under this Order shall not only agree to be bound by this Order and sign the Endorsement, but also shall take steps reasonably necessary to prevent the disclosure of Confidential Material. However, persons who come into contact with Confidential Material for clerical or administrative purposes, and who do not retain copies, are not required to sign the Endorsement, but are nevertheless bound to keep the information confidential as provided herein.

6.  **Designation of Confidential Material**

    a.  Material designated as Confidential Material shall be stamped or otherwise identified as "Confidential-CE."

    b.  The Party designating material as Confidential Material will be referred to as the "Designating Party."

    c.  Any material designated as Confidential Material, whether the information is provided orally or by a document, will be maintained as explained herein, and will not be disclosed to any person or entity, except as set forth herein.

    d.  All material, whether or not filed with the Court, that contains Confidential Material for which the Designating Party seeks protection under this Order shall be designated as follows:

(1) Except for the documents referenced in paragraph 4 above, Confidential Material will, at the time of its production, be designated by stamping or labeling "Confidential-CE" on each page containing any Confidential Material. In the case of multi-page documents bound together, the word "Confidential-CE" need be stamped only on the first page of the document in order for the entire document to be treated as Confidential Material.

(2) Any non-party, subject to compliance with this Order, who is producing discovery material in the Litigation may agree to and obtain the benefits of the terms and protections of this Order by designating as "Confidential-CE" the Confidential Material that the non-party is producing.

(3) Deposition testimony shall be designated "Confidential-CE" (A) at the taking of the deposition by a statement on the record, by counsel at the time of such disclosure, or (B) by written notice sent to counsel of record for all Parties within thirty (30) days after receiving a copy of the transcript by counsel making the designations, identifying the specific pages designated as "Confidential-CE" by page and line numbers. In both instances, counsel for the Designating Party will label "Confidential-CE" the portions of the original containing any Confidential Material. Counsel will not permit deposition transcripts to be distributed to persons beyond those specified in paragraph 7, other than the deponent, until the relevant period for the designation has expired. Until the expiration of the relevant time period, the entire text of the deposition, including exhibits, shall be treated as Confidential Material under this Order. If prior to the expiration of the thirty (30) day period a Party wishes to file any motion or pleading that will include reference to, or attach as exhibits, any portion of the deposition transcript or confidential exhibits thereto, the Party will give reasonable notice (not less than five (5) business days prior to the filing of the motion or pleading) to the Parties and the deponent of the proposed filing date of the motion or pleading and of the pages and/or exhibits cited. Any Party or deponent who desires to designate or preserve any of the identified material as Confidential Material will designate the material no less than two (2) business days prior to the proposed filing date. If no Party or deponent designates any pages or exhibits from the deposition as "Confidential-CE" within the time frame provided, then the material will not be treated as Confidential Material.

(4) Non-documentary and non-testimonial material, such as oral statements of counsel on the record, will be designated orally at the time of disclosure as Confidential Material and promptly confirmed

in writing.

 e. Inadvertent failure to designate material as Confidential Material does not constitute a waiver and may be corrected by supplemental written notice designating such material as "Confidential-CE." The Party receiving such supplemental written notice will then mark the material as "Confidential-CE" and treat the material as Confidential Material and the material will be fully subject to this Order as if it had been initially designated "Confidential-CE." A person who disclosed material that is subsequently designated as "Confidential-CE" will make reasonable efforts to assist the Designating Party in retrieving such Confidential Material from all recipients not entitled to receive it under the terms of this Order, and will act in good faith to prevent further disclosures except as authorized under the terms of this Order.

 f. Nothing in this Order prevents a producing Party from any use of its own documents and information.

7. **Permissible Disclosure of Confidential Material**

 a. Subject to the pre-disclosure requirements of paragraph 5, Confidential Material may be disclosed only to the following persons: (i) the Parties; (ii) counsel to the Parties who have entered appearances in the litigation, as well as their partners and associates, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees, and service vendors of such counsel (including outside copying and litigation support services, such as translators and interpreters); (iii) any persons

associated with or employed by such attorneys or their firms, when working in connection with the Litigation under the direct supervision of partners or associates of those firms; (iv) any outside experts who have been consulted for the purpose of being retained, or who have been retained by counsel to provide assistance, expert advice, or technical consultation; (v) the judges of the Court, Court staff, and any essential personnel retained or appointed by the Court (including Special Masters and their staffs); (vi) persons working in connection with the Litigation under the direct supervision of persons described in paragraph 7(a) (i-iv) above, but only to the extent necessary to perform their work in connection with this Litigation; (vii) persons who authored the Confidential Material or who received such Confidential Material in the ordinary course of business; (viii) potential witnesses, persons noticed for depositions or designated as trial witnesses and their attorneys, or those persons whom counsel of record expect to testify at deposition or trial; (ix) such persons as counsel for the Designating Party shall consent to in writing before the proposed disclosure; and (x) any other person only upon order of the Court or upon written agreement of the Designating Party.

b. All Parties, their respective counsel, and others bound by this Order will take all steps reasonably necessary to prevent the disclosure of Confidential Material other than in accordance with the terms of this Order.

8.     **Disclosure to Government:** Notwithstanding any other provision set forth in this Order, nothing in this Order shall prevent the Parties from disclosing Confidential Material to DOJ, any department, division or agency of the federal government represented by or assisting DOJ, or any State or City Government on behalf of which this Litigation has been brought, in connection with investigations or proceedings relating to, or arising from, the subject matter of the Litigation.

9.     **Use of Confidential Material in Court:** Portions of pleadings or other documents filed with the Court that contain Confidential Material shall be filed under seal unless the Parties agree otherwise. To the extent reasonably feasible, only those portions of filings or other documents that contain the Confidential Material shall be filed under seal. The following procedures apply to filing documents or pleadings containing Confidential Material with the Court.

      a.     Pursuant to Local Rule 7.2, within thirty (30) days after the termination of this litigation, counsel of record for the filing Party shall retrieve from the Court all Confidential Material that was filed with its pleadings during the course of the Litigation. Subsequently, this Confidential Material should be disposed of in accordance with paragraph 16.

      b.     Any documents or pleadings to be filed under seal shall bear the following legend: "This document contains confidential information which is subject to the Court's Protective Order in this action and is hereby filed under seal. The contents of this envelope shall not be opened except by the Court, its clerks in this action, or by counsel of record."

10. **Non-Party Designation of Confidential Material:** Any non-party to this Litigation may designate any discovery material taken from it, whether pursuant to subpoena or by agreement, as Confidential Material under the terms of this Order, so long as the non-party has agreed in writing to be subject to and governed by the requirements of this Order. A non-party will designate any material as Confidential Material in a manner consistent with the procedures described in paragraph 6.

11. **Confidential Material in Depositions:** Nothing shall prevent broader disclosures beyond those limited by this paragraph if the Designating Party consents in writing to such disclosure.

   a. A deponent may during the deposition be shown and examined about Confidential Material if the provisions of paragraphs 5 and/or 7 are complied with. Deponents will not retain or copy portions of the transcript of their depositions that contain Confidential Material not provided by them or the entities they represent unless they sign the Endorsement. A deponent who is not a party, an employee or representative of a Party or the attorney of said non-party, employee, or representative of a Party, will be furnished with a copy of this Order before being examined about, or asked to produce, potentially Confidential Material.

   b. The Parties will use their best efforts to make sure that every witness who will be shown Confidential Material signs the Endorsement. In the event that a deponent refuses to sign the Endorsement, a Party may not show Confidential Material to the deponent unless the deponent affirms on the

record in the deposition that they understand that they are prohibited from sharing or discussing that Confidential Material with anyone outside the deposition.

12. **Inadvertent Disclosure of Confidential Material:** Should any Confidential Material be disclosed, through inadvertence or otherwise, by a receiving Party to any person or party not authorized under this Order, then the receiving Party shall: (A) use its best efforts to obtain the return of any such Confidential Material and to bind such person or party to the terms of this Order; (B) within seven (7) business days of the discovery of such disclosure, inform such person of all provisions of this Order and identify such person or party to the producing Party; and (C) request such person or party to sign the Endorsement. The executed Endorsement shall be served upon counsel for the producing Party within ten (10) business days of its execution by the party to whom the Confidential Material was inadvertently disclosed. Nothing in this paragraph is intended to limit the remedies that the producing Party may pursue for breach of this Order.

13. **Disputes Involving Confidential Material Designation**

   a. Nothing shall prevent disclosure beyond that limited by this Order if the Designating Party consents in writing to such disclosure or upon order of the Court.

   b. If at any time a Party wishes for any reason to dispute a designation of material as Confidential Material, such person shall notify the Designating Party of such dispute in writing, specifying by exact Bates number(s), the Confidential Material in dispute. The Designating Party shall respond in writing within ten (10) days of receiving this notification. If the

Designating Party does not respond in writing within the 10-day period, then the material in dispute shall be deemed not to be Confidential Material.

    c. If the Parties are unable to resolve the dispute, the Confidential Material will have its designation removed unless within ten (10) days after written notice, by either Party to the other, that the Parties' negotiations are ended, or such other time period as the Parties may agree to in writing, the Designating Party moves the Court for an order upholding the designation. The Designating Party shall have the burden of proof on such motion to establish the propriety of its confidential designation.

    d. If the time for filing a motion has expired without the filing of any such motion, or ten (10) business days (or such longer time as ordered by this Court) have elapsed after the appeal period for appealing the Court's order that the material shall not be entitled to confidential status, the material shall lose its designation as Confidential Material.

14. **Use of Confidential Material at Court Proceeding:** A Party may, subject to the provisions of this Order, rules of evidence and orders of the Court, use Confidential Material for any purpose at any proceeding before a judicial officer in the Litigation, unless otherwise directed by the Court.

15. **Subpoena by Other Courts or Agencies**: If another court or an administrative agency subpoenas or otherwise orders production of Confidential Material which any Party or other person has obtained under the terms of this Order, the Party or other person to whom the subpoena or other process is directed will, as soon as practical, notify the Designating Party in

writing of all of the following: (A) the Confidential Material that is requested for production in the subpoena; (B) the date which compliance with the subpoena is requested; (C) the location at which compliance with the subpoena is requested; (D) the identity of the party serving the subpoena; and (E) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or other process has been issued. Confidential Material shall not be produced prior to the receipt of written notice by the Designating Party and only after a reasonable opportunity to object has been offered. The Designating Party will bear the burden and all costs of opposing the subpoena on grounds of confidentiality.

16. **Return or Certified Destruction of Confidential Material**: The provisions of this Order will not terminate at the conclusion of this Litigation. Within ninety (90) days after the conclusion of this Litigation, including any appeals related thereto, or such other time as the Designating Party may agree in writing, counsel will, at their option, return or destroy Confidential Material and all copies of same, which, for purposes of this paragraph, shall also include documents branded "Confidential-OP" (unless such documents do not qualify as Confidential Material pursuant to the process set forth in paragraph 4 and elsewhere in this Order.) if this Litigation concludes prior to the Designation Date or if the Court so orders. If counsel elects to destroy Confidential Material, they will consult with counsel for the Designating Party on the manner of destruction and obtain such Party's consent as to the method and means of destruction. Counsel, however, will not be required to return or destroy any pretrial or trial records that are regularly maintained by that counsel in the ordinary course of business; which records will continue to be maintained as Confidential Material in conformity

with this Order. Counsel may also retain the privileged communications, work product, signed copies of the Endorsement pursuant to paragraph 5, and all court filed documents even though they contain Confidential Material, but such documents will remain confidential subject to the terms of this Protective Order.

17.  **Modification Permitted**: Nothing herein shall prevent any Party or other person from seeking modification of this Order from the Court, or objecting to discovery it believes to be improper. Notwithstanding any wording to the contrary as may appear in this Order, the Parties hereto recognize the authority of the Court to determine any and all issues relating to confidentiality and all Parties agree to comply with the requirements of Rule 26 of the Federal Rules of Civil Procedure.

18.  **Responsibility of Attorneys as to Copies**: The attorneys of record are responsible for employing reasonable measures to control access to and distribution of Confidential Material, including abstracts and summaries.

19.  **No Waiver of Rights or Implication of Discoverability**

    a.  This Order will not enlarge or affect the proper scope of discovery in this or any other litigation; nor will it imply that Confidential Material is properly discoverable, relevant, or admissible in this or any other litigation. Each Party reserves the right to object to any disclosure of information or production of any documents that the Designating Party designates as Confidential Material on any other ground it deems appropriate.

    b.  The entry of this Order shall be without prejudice to the rights of the Parties, or any non-party, to assert or apply for additional or different

protection. Nothing herein prevents any Party from seeking an appropriate protective order to further govern the use of Confidential Material at trial.

c. Nothing will prevent disclosure beyond that required under this Order if the producing Party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosures, subject to any review as authorized under the Federal Rules of Civil Procedure or the Local Rules of this Court.

20. **Improper Disclosure of Confidential Material**: Disclosure of Confidential Material other than in accordance with this Order may subject the disclosing Party or person to sanctions and remedies as the Court may deem appropriate.

SO ORDERED this 21 day of July, 2008.

/s/ J. Tauro
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE

Dated: July 7, 2008

By: /s/ Geoffrey E. Hobart
Geoffrey E. Hobart (BBO #547499)
Matthew J. O'Connor (BBO #631259)
Mona M. Patel (BBO #641007)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Phone: (202) 662-6000
Fax: (202) 662-6291

*Attorneys for SmithKline Beecham Corporation d/b/a GlaxoSmithKline, SB Pharmco Puerto Rico, Inc., GlaxoSmithKline Puerto Rico, Inc., and Hoffman-La Roche, Inc.*

Dated: July 7, 2008

By: /s/ Neil Getnick
GETNICK & GETNICK
Rockefeller Center
620 Fifth Avenue
New York, New York 10020
Phone: (212) 376-5666

*Attorney for Plaintiff/Relator Cheryl D. Eckard*

Dated: July 7, 2008

By: /s/ Scott J. Tucker
TUCKER, HEIFETZ & SALTZMAN, LLP
100 Franklin Street
Suite 801
Boston, Massachusetts 02110
Phone: (617) 557-9696

*Local Counsel for Plaintiff/Relator Cheryl D. Eckard*

# **ENDORSEMENT OF PROTECTIVE ORDER - EXHIBIT A**

I hereby certify that I have read the attached Protective Order in *United States et al. ex rel. Eckard v. SmithKline Beecham Corp., et al.*, Civil Case No. 04-CV-10375-JLT, dated _____, 2008 (the "Order"), and I agree that I will be bound by, and act in accordance with, its terms. I agree that the United States District Court for the District of Massachusetts has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose.

Dated: _____ _____

_____
[Print Name]

_____
[Company]

[Address]

## CERTIFICATE OF SERVICE

I, Geoffrey E. Hobart, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Geoffrey E. Hobart
Geoffrey E. Hobart (BBO# 547499)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue NW
Washington, DC 20004-2401
Phone: (202) 662-6000